UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Joseph C., | Case No. 2:25-cv-01688-RFB-BNW |
| Plaintiff, | |
| v. | ORDER and REPORT AND RECOMMNEDATION |
| The current commissioner of S.S., | |
| Defendant. | |

### I.    *In Forma Pauperis* Application

Presently before this Court are pro se Plaintiff's applications to proceed *in forma pauperis*. ECF Nos. 8, 11. Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* at ECF No. 8 will be granted. His duplicate request at ECF No. 11 is denied as moot.

### II.    Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual

allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear that the complaint's deficiencies could not be cured through amendment, a plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff's complaint does not set forth the basis upon which he wishes to appeal the decision of the commissioner. *See* ECF No. 1-1. Instead, the complaint alludes to a previous case he filed and cites to exhibits without context. Accordingly, this Court cannot determine if Plaintiff stated a claim upon which relief can be granted. This Court will, therefore, recommend that Plaintiff's complaint be dismissed with leave to amend. If Plaintiff chooses to amend his complaint, the amended complaint must include the basis upon which Plaintiff believes the administrative law judge ("ALJ") erred. In addition, the amended complaint will be due no later than November 20, 2025.

### III. Miscellaneous motions

Plaintiff has also filed a motion for summary judgment (ECF No. 10) and a motion to submit evidence (ECF No. 12). The motion for summary judgment is premature as the Court must first screen his complaint and determine whether Plaintiff has stated a claim upon which relief can be granted. As a result, this Court recommends that it be denied without prejudice. The motion to submit evidence (ECF No. 12) is also denied as the court will have the entire record available for review to determine what evidence supports Plaintiff's claims.

In summary, the first step is for Plaintiff to submit an amended complaint which clearly explains the reason why he believes the ALJ made a mistake. Once he has done that, the Court will provide a schedule and deadlines for the parties to file motions for summary judgment. The evidence supporting the arguments made by the parties will derive from the record below.

### IV. Conclusion

**IT IS ORDERED that:**

1. This Court's order at ECF No. 14 is VACATED as a district judge has been assigned to this case. ECF No. 13.

2. Plaintiff's request to proceed *in forma pauperis* (ECF No. 8) is GRANTED. Plaintiff will not be required to pay the filing fee.

3. His duplicate request to proceed in forma pauperis (ECF No. 11) is DENIED as moot.

4. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or giving security for them. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

5. The Clerk of Court need not detach and file the complaint as it was already docketed at ECF No. 15.

6. Plaintiff's motion to submit evidence (ECF No. 12) is DENIED.

**IT IS RECOMMENDED that:**

1. Plaintiff's complaint be dismissed without prejudice and with leave to amend. If Plaintiff chooses to amend his complaint, he must do so by November 20, 2025. Failure to comply will result in a recommendation to the district judge that this case be dismissed.

2. Plaintiff's motion for summary judgment (ECF No 10) be DENIED as premature.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 24, 2025

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE