**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Joseph Frank Cicala, | Case No. 2:25-cv-01688-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| The Current Commissioner of Social Security, et al., | |
| Defendants. | |

Before this Court is pro se Plaintiff's second amended complaint and accompanying motion to proceed *in forma pauperis*. ECF No. 24. This Court already granted Plaintiff's *in forma pauperis* request at ECF No. 8, so his duplicate request at ECF No. 24 is denied as moot. *See* ECF No. 16. Upon screening Plaintiff's second amended complaint, this Court again finds that the action is not timely and dismisses the complaint with leave to amend, as discussed in further detail below.

I. **BACKGROUND**

Plaintiff initiated this case on September 4, 2025, by filing a complaint. ECF No. 1-1. A little over a month later, Plaintiff filed an application to proceed *in forma pauperis*. ECF No. 8. This Court promptly screened his complaint and found that Plaintiff did not set forth the basis upon which he wished to appeal the decision of the commissioner. ECF No. 14. It dismissed Plaintiff's complaint without prejudice and with leave to amend. *Id.* Upon assignment of the case to a district judge, this Court issued an order and report and recommendation with the same findings and reasoning as its previous order. ECF No. 16.

Plaintiff timely filed an amended complaint. ECF No. 17. This Court screened his amended complaint and found that the action was not timely because Plaintiff did not file it within 60 days of the final decision. ECF No. 18. Specifically, Plaintiff alleged that the final decision denying his benefits took place on February 27, 2024, however, he did not file this action

until September 4, 2025. *Id.* Thus, this Court recommended that his case be dismissed with prejudice.

Plaintiff objected. ECF No. 20. He stated that he timely filed his complaint on April 25, 2024, and attached exhibits showing that he did indeed file a timely complaint in another case. ECF No. 20. Given Plaintiff's representations, this Court vacated its report and recommendation and allowed Plaintiff to file a second amended complaint indicating that he did bring this action within 60 days of the final decision. ECF No. 21. Plaintiff failed to timely file his second amended complaint, so this Court recommended that the case be dismissed. ECF No. 22. Since then, Plaintiff filed a second amended complaint. ECF No. 24-1.

## II.    DISCUSSION

### A.  Legal Standards

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).[1] In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v.*

---

[1] Although § 1915 largely concerns prisoner litigation, § 1915(e) applies to all in forma pauperis proceedings. Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]").

*Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id. Unless it is clear that the complaint's deficiencies could not be cured through amendment, a plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Even following the U.S. Supreme Court's holdings in *Twombly* and *Iqbal*, the court has an "obligation . . . where the petitioner is pro se . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (internal quotations and citation omitted). But "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989); *see also Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)) (noting that a liberal construction may not be used to supply an essential element of the claim absent from the complaint).

In the context of social security appeals, if a plaintiff's complaint challenges a decision by the Social Security Administration, the plaintiff must exhaust administrative remedies before filing a lawsuit. *See* 42 U.S.C. § 405(g); *see also Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, the claimant may request reconsideration of the decision. If the claim is denied at the reconsideration level, a claimant may request a hearing before an administrative law judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request judicial review. *See generally* 20 C.F.R. §§ 404, 416.

Once a plaintiff has exhausted administrative remedies, section 405(g) of title 42 provides that he may obtain review of a final decision of the Secretary of Health and Human Services by "a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow." 42 U.S.C. § 405(g) (1982). "When the period for requesting the next appellate step ends on a Saturday, Sunday, legal holiday, or any

other day (all or part of which is a nonworkday for Federal employees by statute or Executive Order), the period is extended to include the next full workday." SSA POMS SI 04005. If additional time is requested, the decision to extend the 60–day limitation is granted solely to the Commissioner and is not subject to judicial review. 20 C.F.R. § 404.903(j); *see also Matlock v. Sullivan,* 908 F.2d 492, 493–94 (9th Cir.1990).

### B. Screening the amended complaint

Here, Plaintiff's second amended complaint does not address whether this action was filed within the required 60-day period or whether it was timely filed on a different basis. This Court specifically directed Plaintiff to file a second amended complaint "indicating that he did bring this action within 60 days of the final decision." ECF No. 21. He has failed to do so. Thus, this Court recommends that his complaint be dismissed.

### C. Plaintiff's objection at ECF No. 20

However, considering Plaintiff's objection, in which he argued that he timely filed a complaint on April 25, 2024, this Court finds dismissal with leave to amend is appropriate. *See* ECF No. 20 at 2. In support of his argument, Plaintiff attached exhibits showing that he filed a summons on April 25, 2024. *Id.* at 4. Importantly, the exhibits demonstrate that Plaintiff filed his complaint and summons in a different case, 2:24-cv-00821-BNW, which was also before the undersigned. *Id.* at 5.

Plaintiff is correct to the extent that he timely filed a complaint in 2:24-cv-00821-BNW. Case no. 2:24-cv-00821-BNW, ECF No. 1. But in that case, the undersigned dismissed the case without prejudice in June of 2024 because Plaintiff failed to file an amended complaint by the court-ordered deadline. ECF No. 9. Plaintiff attempted to file an amended complaint after the case was closed, and this Court explained to him that if he wanted to bring his claims, he needed to file a complaint under a new case number. ECF No. 11 (minute order dated July 26, 2024). Plaintiff waited over a year to initiate this case.

The Ninth Circuit has not considered whether a timely filed social security appeal that was dismissed without prejudice has any effect on the timeliness of a second-filed appeal. However, the Eleventh Circuit has addressed a similar issue in *Christides v. Commissioner of Social*

*Security*. 478 F. App'x 581 (11th Cir. 2012). In *Christides*, a pro se claimant appealed the Commissioner's final decision by filing an initial complaint and application to proceed *in forma pauperis* within the 60-day period. *Id.* at 582–83. The district judge dismissed her complaint without prejudice because the claimant alleged she was not indigent. *Id.* at 583. Eleven days after filing her initial complaint, the claimant filed another complaint (and paid the filing fee) in a different case. *Id.* The district court found that her new complaint was not filed within the 60-day period.

The Eleventh Circuit affirmed the district court's decision. *Id.* at 584. It reasoned that the claimant had not established that equitable tolling should apply, and, it was unconvinced "that the dismissal without prejudice of her Initial Complaint warrants application of the equitable tolling doctrine." *Id.* "[T]he mere fact that her complaint was dismissed without prejudice does not permit her to file a later complaint outside the statute of limitations." *Id.*

The United States District Court for the Northern District of California has also opined on a similar issue. *Martel v. Astrue*, No. C 11-02961 CRB, 2012 WL 2061627 (N.D. Cal. June 7, 2012). In *Martel*, the court considered whether a social security claimant's second complaint was time barred given that her first complaint was dismissed without prejudice. *Id.* at *1. To reach its decision, the court found that the analysis was "best done" in three sequential steps: (1) whether the second case was a continuation of the first one; (2) if yes, whether the filing of the second case was timely relative to the dismissal without prejudice; and (3) if not, whether the 60-day statute of limitations should be equitably tolled. *Id.* at *2. The court did not cite any legal authority for its analytical framework. The *Martel* court concluded that the claimant's second case was not time barred because it was a continuation of the first case and was filed only thirty days after the dismissal without prejudice. *Id.* at *2–3.

The 60–day period constitutes a statute of limitations. *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976)). Equitable tolling of this period is allowed in "rare case[s]." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). "Equitable tolling focuses on whether there was excusable delay by the plaintiff and may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on

the existence of his claim." *Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1120 (9th Cir. 2006) (citations and quotation marks removed). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Assuming without deciding that the *Martel* framework should apply, Plaintiff's complaint is still time barred based on the allegations in his second amended complaint and objection. First, the instant case is a continuation of the first case given the similarity of facts and defendants. Second, the filing of the second case was *not* timely relative to first case's dismissal because Plaintiff filed his second case approximately one year and three months after the undersigned dismissed the first case without prejudice. This is significantly longer than the 30-day period in *Martel*. Third, equitable tolling does not apply based on the facts before this Court. Nothing in Plaintiff's filings have established that (1) Plaintiff pursued his rights diligently given the long delay between the first dismissal and the filing of this case and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Nor has Plaintiff put forth facts showing an "inability to obtain vital information bearing the existence of [his] claim during the tolling period, as is required for equitable tolling." *Walter ex rel. Est. of Garfield v. Astrue*, 403 F. App'x 228, 230 (9th Cir. 2010) (applying equitable tolling to 60-day period under 42 U.S.C. § 405(g)) ( citing *Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1120 (9th Cir. 2006)). In addition, this Court is persuaded by the Eleventh Circuit's reasoning that mere dismissal of an initial complaint without prejudice does not warrant equitable tolling. *Christides v. Comm'r of Soc. Sec.*, 478 F. App'x 581, 584 (11th Cir. 2012).

In sum, Plaintiff's second amended complaint (and objection) are devoid of facts showing that he timely filed this action. However, Plaintiff may be able to allege facts showing that equitable tolling applies such that his complaint timely. Accordingly, this Court will allow him **one last chance** to amend.

/ /

/ /

### D. Instructions for Amendment

If Plaintiff chooses to file a third amended complaint, he must read this order carefully. Plaintiff is advised that his previous complaints no longer serve any function in this case. As such, if he files a third amended complaint, he must clearly explain the reason why he believes the commissioner made a mistake *and why his complaint is timely in this case under equitable tolling principles*. This Court cannot refer to a prior pleading or to other documents to make his third amended complaint complete. The third amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

## III.   CONCLUSION

**IT IS ORDERED** that the request to proceed *in forma pauperis* (ECF No. 24) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the report and recommendation to dismiss this case for failure to file an amended complaint by the court-ordered deadline (ECF No. 22) is **VACATED**.

**IT IS FURTHER ORDERED** that the Clerk's Office detach and file Plaintiff's second amended complaint (ECF No. 24-1) on the docket.

**IT IS FURTHER ORDERED** that Plaintiff's second amended complaint is dismissed with leave to amend. If Plaintiff choose to amend his complaint, he must do so by April 17, 2026.

DATED: March 18, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE